# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

DOUGLAS COCHRAN

        Petitioner,    :        Case No. 2:25-cv-00238

  - vs -            District Judge James L. Graham
                Magistrate Judge Michael R. Merz

SHELBIE SMITH, WARDEN,
 Belmont Correctional Institution,

                      :
        Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case, brought by Petitioner Douglas Cochran with the assistance of counsel to obtain relief from his conviction in the Franklin County Court of Common Pleas on various counts of sexual misconduct.  The case is ripe for decision on the Petition (ECF No. 1), the State Court Record (ECF No. 5), the Return of Writ (ECF No. 6), and the Traverse (ECF No. 12).  The Magistrate Judge reference in this case was recently transferred to the undersigned to help balance the Magistrate Judge workload in this District (ECF No. 19).

**Litigation History**

On January 15, 2020, a Franklin County grand jury indicted Cochran on three counts of gross sexual imposition in violation of Ohio Revised Code § 2907.05 and one count of importuning

1

in violation of Ohio Revised Code § 2907.07 (Indictment, State Court Record, ECF No. 5, Ex. 1). The indictment was based on alleged criminal conduct with a minor occurring between August 2010 and August 2013. Cochran initially pled not guilty but in February, 2023, he changed his plea to guilty on all four counts. The trial court imposed sentences of five years in prison on each of the gross sexual imposition counts, and thirty-six months in prison on the importuning count, all to be served concurrently for an aggregate sentence of five years. *Id.* at Ex. 10.

Cochran appealed to the Ohio Court of Appeals for the Tenth District which affirmed. *State v. Cochran,* 2024-Ohio-1997 (Ohio App. 10th Dist. May 23, 2024). With new counsel, Cochran appealed further to the Ohio Supreme Court, but that court declined to exercise jurisdiction. *State v. Cochran,* 175 Ohio St.3d 1485 (2024).

Cochran then filed his Petition in this Court, pleading two grounds for relief:

> **Ground One:** Douglas Cochran's trial counsel provided ineffective assistance by failing to pursue a not guilty by reason of insanity defense despite substantial evidence of severe mental impairment, violating his Sixth Amendment right to effective counsel.

> **Supporting Facts**: Douglas Cochran, a fifty-four-year-old first-time felony offender, pled guilty to all charges without his trial counsel filing a not guilty by reason of insanity plea, despite substantial evidence supporting this defense. Cochran suffered from a brain tumor and recurring cranial infections, which led to severe cognitive and behavioral impairments during the time of the offenses. His attorney failed to review extensive medical records or submit a forensic psychiatrist's evaluation that linked these impairments to the alleged conduct. At sentencing, Cochran's statements revealed significant memory gaps and an inability to fully recall the events. The failure to present this viable defense during plea negotiations constituted ineffective assistance of counsel, prejudicing Cochran by likely influencing both the plea decision and the severity of his sentence.

> **Ground Two:** Under the Eighth Amendment's prohibition against cruel and unusual punishment, a trial court commits reversible error by imposing maximum sentences without adequately considering the offender's lack of prior criminal history, potential for

2

rehabilitation, and the proportionality of the sentence, as required by R.C. 2929.11 and R.C. 2929.12, resulting in a punishment that becomes constitutionally excessive and unjust.

**Supporting Facts:** Douglas Cochran, a 54-year-old first-time felony offender, received the maximum concurrent sentences for three counts of third-degree felony gross sexual imposition and one count of third degree felony importuning. Despite his lack of prior criminal history, full compliance with bond conditions, and evidence suggesting potential for rehabilitation, the trial court imposed the harshest allowable penalty without fully weighing these mitigating factors. The court acknowledged that the case presented complexities, referring to it as a "hard case," but failed to adequately consider Cochran's lifelong law-abiding behavior, his mental health issues stemming from a brain tumor and recurrent cranial infections, and his amenability to community control as documented in the pre-sentence investigation report. By focusing solely on punishment and protection, the trial court disregarded the statutory requirements under R.C. 2929.11 and R.C. 2929.12 to balance these concerns with rehabilitation, leading to a sentence that disproportionately exceeds what would be reasonable for a similarly situated first-time offender. This failure renders the punishment constitutionally excessive under the Eighth Amendment.

(Petition, ECF No. 1, PageID 6-8).

Respondent asserts Ground One is without merit and Ground Two is both meritless and procedurally defaulted (Return, ECF No. 6, PageID 323).

**Ground One: Ineffective Assistance of Trial Counsel For Failure to Present Insanity Defense**

In his First Ground for Relief, Cochran claims his trial attorney provided constitutionally ineffective assistance of trial counsel when he failed to present an insanity defense. Cochran pleaded this claim as his first assignment of error on direct appeal and the Tenth District decided it as follows:

{¶ 5} In his first assignment of error, Cochran argues he received ineffective assistance of counsel. This assignment of error lacks merit.

3

{¶ 6} In order to prevail on a claim of ineffective assistance of counsel, Cochran must satisfy a two-prong test. First, he must demonstrate that his counsel's performance was deficient. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This first prong requires Cochran to show that his counsel committed errors which were "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* If Cochran can so demonstrate, he must then establish that he was prejudiced by the deficient performance. *Id.* To show prejudice, Cochran must establish there is a reasonable probability that, but for his counsel's errors, the results of the trial would have been different. A "reasonable probability" is one sufficient to undermine confidence in the outcome of the trial. *Id.* at 694. In considering claims of ineffective assistance of counsel, courts review these claims with a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, ¶ 101. And a court is not required "to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland* at 697.

{¶ 7} Cochran contends his trial counsel was ineffective in: (1) not filing a not guilty by reason of insanity ("NGRI") plea on his behalf; (2) not reviewing medical records documenting his severe mental defect at the time he committed the offenses; and (3) not submitting his medical records and forensic psychiatrist's evaluation in support of an NGRI plea. Cochran argues these deficiencies prejudiced him and therefore he met both prongs of the *Strickland* test.

{¶ 8} Each of the deficiencies alleged by Cochran relates to the affirmative defense of insanity, which must be proven by a preponderance of the evidence. *State v. Taylor*, 98 Ohio St.3d 27, 2002-Ohio-7017, ¶ 64; R.C. 2901.05(A). The defendant must persuade the trier of fact that "at the time of the commission of the offense, the [defendant] did not know, as a result of a severe mental disease or defect, the wrongfulness of the [defendant's] acts." R.C. 2901.01(A)(14). Conversely, a defendant cannot avoid criminal responsibility if the defendant "knows his or her conduct violates the law and commonly held notions of morality." *State v. Jennings*, 10th Dist. No. 05AP-1051, 2006-Ohio-3704, ¶ 22. This means, to prove insanity, demonstrating a mental defect is not enough; the defendant must also show an inability to understand right from wrong.

4

{¶ 9} Here, Cochran asserts the record contains evidence that he did not know the wrongfulness of his conduct because of a severe mental disease or defect, and that, based on this information, his trial counsel should have pursued this affirmative defense on his behalf. In support, he cites information in the sentencing memorandum indicating he had a brain tumor the size of a fist removed in 2009, and that he suffered from multiple cranial infections in the years following the tumor removal, which overlapped the years of his criminal conduct. The sentencing memorandum requested lenience based on Cochran's significant medical difficulties and its impact on him. The sentencing memorandum also described the observations of a psychologist[1] who interviewed Cochran and reviewed his medical records. The memorandum indicates the psychologist described the impact of a brain tumor and related treatment on a person's brain functioning, including neurological, cognitive, and psychiatric effects, such as personality and behavioral changes. The psychologist opined that Cochran's behavioral changes described by family members, such as cognitive and emotional problems, were consistent with scientific research regarding brain tumors and their treatment. Notably absent from the sentencing memorandum, however, is any indication that Cochran's medical condition negated or even altered his understanding of right from wrong. Similarly, at the sentencing hearing, Cochran's counsel reiterated that Cochran's criminal actions were an anomaly, and he requested the court to consider this and the medical circumstance as mitigating factors for the purpose of sentencing. In support, his counsel noted the psychologist opined that "it simply cannot be ruled out that the removal of this gigantic brain tumor was the impetus for his actions." (Mar. 30, 2023 Tr. at 17.) In his statement to the sentencing court, Cochran acknowledged the harm he caused, but he also referenced his medical condition and its impact on his ability to recall what occurred. At the hearing, neither Cochran nor his counsel indicated his mental ability to process right from wrong was ever compromised.

{¶ 10} At most, this information reasonably indicates Cochran sustained memory problems and behavioral changes due to the brain tumor and related medical treatment and complications. It does not, however, reasonably demonstrate Cochran's medical condition caused him not to understand the wrongfulness of his conduct. Further, that Cochran's criminal conduct was inconsistent with his lack of any notable criminal history does not, in itself, support an inference that he did not understand right from wrong. Under these circumstances, Cochran fails to demonstrate his trial counsel was ineffective in not pursuing a NGRI plea. *See State v. Walker*, 6th Dist. No. L-22-1032, 2023-Ohio-140, ¶ 30 ("Where facts and

5

> circumstances indicate that an NGRI plea would have had a reasonable probability of success, it is ineffective assistance of counsel to fail to enter the plea[,]" but where "facts indicate that counsel was pursuing a reasonable strategy in not so pleading, or where the likelihood of success for the plea is low, the decision is not unreasonable.").
>
> {¶ 11} Because Cochran fails to show that an NGRI plea would have had a reasonable probability of success, trial counsel's failure to pursue that plea was reasonable and did not constitute ineffective assistance of counsel. Accordingly, Cochran's first assignment of error is overruled.

*State v. Cochran, supra.*

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court.  28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).  Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

The Tenth District decided on the merits all three ineffective assistance of trial counsel sub-claims made by Cochran in his first assignment of error and he brings forward in habeas only the sub-claim that it was ineffective assistance of trial counsel to fail to plead an NGRI affirmative defense.  That decision is entitled to deference unless it is an objectively unreasonable application of the governing standard for ineffective assistance of trial counsel claims adopted by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's

6

> performance was deficient.  This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.  In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice.  *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

To prevail on an ineffective-assistance-of-counsel claim, a movant must establish that (1) counsel's performance was deficient and (2) the deficiency resulted in prejudice, meaning that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Shimel v. Warren*, 838 F.3d 685, 696 (6th Cir. 2016).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . .  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance;  that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to overcome confidence in the outcome.

7

466 U.S. at 694.  *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986), *citing Strickland, supra.*; *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), *citing Strickland, supra*; *Blackburn v. Foltz*, 828 F.2d 1177, 1180 (6th Cir. 1987), *quoting Strickland,* 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable."  *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), *quoting Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes*, 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328 (2009) (per curiam); *Strickland*, 466 U.S., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. Id., at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." *Id*., at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The likelihood of a different result must be substantial, not just conceivable. *Id*., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Harrington v. Richter*, 562 U.S. 86, 111-112 (2011).

In his Traverse, Petitioner attacks the Tenth District's decision as both an objectively unreasonable application of *Strickland* and an unreasonable determination of the facts.  Relying on a defense attorney's duty to investigate, Petitioner asserts trial counsel should have read and analyzed all the medical records he received and the Tenth District should have found deficient performance when he conceded that he had not done that.  Defense counsel had Cochran evaluated by a defense-retained psychologist, Dr. Kara Predmore, whose opinion was that Mr. Cochran's large brain tumor and the sequalae of its removal could not be ruled out as having caused the sexual misconduct.

8

As Petitioner concedes, insanity is an affirmative defense in Ohio law, one which must be proved by a preponderance of the evidence.  Ohio Revised Code § 2901.05(A); *State v. Taylor*, 98 Ohio St.3d 27 (2002).  Dr. Predmore's opinion by itself would, as the Tenth District found, be insufficient to establish that Cochran was NGRI.  "Cannot be ruled out" is not the equivalent of "probably caused the defendant to be unable to tell right from wrong".

Furthermore, Petitioner's claim that an NGRI defense would have been successful is, on the record the Tenth District considered, completely speculative.  If Petitioner has evidence that was not in the appellate record that a competent forensic examiner would have given the opinion that because of the brain tumor Cochran could not tell right from wrong over the lengthy period when the sexual misconduct occurred, Ohio law provides him with a remedy:  such evidence could have been presented with a petition for post-conviction relief under Ohio Revised Code § 2953.21, but no such petition has been filed in this case.

Counsel has attempted to have Dr. Predmore's report added to the record here, but such an expansion would run afoul of *Cullen v. Pinholster,* 563 U.S. 170 (2011).  *Pinholster* bars a federal court "from admitting new evidence upon which to assess the reasonableness of a state court's constitutional analysis." *Upshaw v. Stephenson*, 97 F. 4th 365, 372 (6th Cir. 2024), quoting *Mitchell v. Genovese*, 974 F.3d 638, 647 (6th Cir. 2020).  The undersigned denied the requested expansion on the basis of *Pinholster* (See ECF No. 20).

The Tenth District's decision is not an objectively unreasonable application of *Strickland* and is therefore entitled to deference.

**Ground Two:  Eighth Amendment:  The Sentence Imposed Constitutes Cruel and Unusual Punishment**

In his Second Ground for Relief, Petitioner asserts the sentence he is serving constitutes cruel and unusual punishment for the crimes he committed.

Cochran presented his claim that his sentences were unlawful as his second assignment of error on appeal and the Tenth District decided it as follows:

> ¶ 12} Cochran's second assignment of error asserts the trial court erred in imposing maximum sentences. He argues the record does not support the sentences, and they are contrary to law. This assignment of error is not well-taken.
>
> {¶ 13} It is well-established that a trial court has "full discretion to impose a prison sentence within the [applicable sentencing] range." *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, ¶ 100. But in sentencing a felony offender, the trial court must consider the overriding purposes of sentencing, which are "to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). This requires consideration of "the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *State v. Wilburn*, 10th Dist. No. 17AP-602, 2018-Ohio-1917, ¶ 7. "Further, pursuant to R.C. 2929.12(A), the court must consider the factors set forth in R.C. 2929.12(B) and (C) relating to the seriousness of the offender's conduct, as well as the factors set forth in R.C. 2929.12(D) and (E) relating to the likelihood of recidivism, along with any other relevant factors." *Id*. Although a trial court must weigh these sentencing factors, neither R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record. *State v. O.E.P.-T.*, 10th Dist. No. 21AP-500, 2023-Ohio-2035, ¶ 116. Therefore, the trial court has the discretion to determine, upon considering and weighing all relevant factors, what sentence would best serve the purposes and principles of sentencing. *State v. Anderson*, 10th Dist. No. 16AP-810, 2017-Ohio-7375, ¶ 14 (trial court, in exercising discretion, determines

10

weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances).

{¶ 14} R.C. 2953.08(G)(2) generally governs our review of felony sentences. *See*, *e.g.*, *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 26-42. Under this statute, we are permitted to modify or vacate a sentence only if we clearly and convincingly find either: (1) the record does not support the sentencing court's findings under certain statutes, namely "division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code," none of which are implicated here; or (2) the sentence is otherwise contrary to law. *Id.* at ¶ 12, 30-39; R.C. 2953.08(G)(2). *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1 ("an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law"); *State v. McKnight*, 9th Dist. No. 22CA0027-M, 2023-Ohio-1933, ¶ 16 (R.C. 2953.08(G)(2) "does not authorize this Court to consider whether the maximum sentences are supported by the record."). A sentence is contrary to law if the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *See*, *e.g.*, *State v. Dodson*, 10th Dist. No. 20AP-297, 2021-Ohio-2415, ¶ 11. "Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Jones* at ¶ 42. In sum, R.C. 2953.08(G)(2) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Id.* at ¶ 39.

{¶ 15} Here, Cochran asserts that, although his sentences are within the applicable statutory ranges, they are contrary to law. He argues the record does not support the trial court's imposition of maximum sentences because, before he committed these offenses, he was a law-abiding citizen with no criminal record, he did not violate bond, and proportionality and the likelihood of his rehabilitation both favored lesser sentences. He reasons that the trial court did not adequately consider these circumstances because, if it had, it would not have imposed maximum sentences. As such, he contends the trial court erroneously did not give due consideration to all sentencing factors. In substance, Cochran's challenge to his sentences reflects his disagreement with the weight given to the

11

sentencing factors. But this court cannot review whether the trial court properly weighed the sentencing factors. *State v. Bruce*, 10th Dist. No. 21AP-376, 2022-Ohio-909, ¶ 40. That is, Cochran's disagreement with the trial court's balancing of the sentencing factors " 'does not make a sentence that falls within the applicable statutory range contrary to law.' " *Anderson*, 2017-Ohio-7375, at ¶ 14, quoting *State v. Reeves*, 10th Dist. No. 14AP-856, 2015-Ohio-3251, ¶ 10, citing *State v. Stubbs*, 1oth Dist. No. 13AP-810, 2014-Ohio-3696, ¶ 16. *See also State v. D.S.*, 10th Dist. No. 15AP-790, 2016-Ohio-2856, ¶ 15 ("Although appellant appears to disagree with the trial court's analysis and application of the purposes and principles of sentencing set forth by R.C. 2929.11 and the statutory factors set forth by R.C. 2929.12, such disagreement does not make a sentence that falls within the applicable statutory range contrary to law."). Thus, we decline Cochran's request to reweigh the sentencing factors to determine the appropriate sentences for his offenses.

{¶ 16} Because Cochran fails to demonstrate trial court error in his sentencing, we overrule his second assignment of error.

*State v. Cochran, supra.*

Thus the Tenth District does not discuss whether the sentence constitutes cruel and unusual punishment and there is no state court decision on the merits of that claim to evaluate for objective reasonableness under 28 U.S.C. § 2254(d)(1).

Conceding that his sentencing claim was not "federalized" in the Tenth District, Petitioner asserts he fairly presented it as a federal claim on appeal to the Ohio Supreme Court   Because the Tenth District did not decide his Eighth Amendment claim on the merits, he argues review in this Court is *de novo*. (Traverse, ECF No. 12, PageID 344-45 ).  Neither argument is persuasive.

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright v. Sykes*, 433 U.S. 72 (1977). *Murray v. Carrier*, 477 U.S. 478, 485 (1986);  *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir.), *cert denied,* 474 U.S. 831 (1985).

> [T]he ways in which a state defendant may fairly present to the state courts the constitutional nature of his claim, even without citing chapter and verse of the Constitution, include (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like factual situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts well within the mainstream of constitutional litigation.

*Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987); *accord*, *Whiting v. Birt*, 395 F.3d 602 (6th Cir. 2005); *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000).

Cochran did not present an Eighth Amendment claim to the Tenth District at all. His only constitutional citation in his appeal brief is to *Strickland v. Washington,* 466 U.S. 668 (1984), and made in relation to his First Assignment of Error

To exhaust a claim in state court, a prisoner must have argued the claim's factual and legal basis at each level of the state court system. *Whitman v. Gray*, 103 F.4th 1235, 1238 (6th Cir. 2024). Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. "Even if the state court failed to reject a claim on a procedural ground, the petitioner is also in procedural default 'by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate procedures.'" *Thompson v. Bell*, 580 F.3d 423, 437 (6th Cir. 2009), citing *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006)(quoting *O'Sullivan v. Boerckel,* 526 U.S. 838, 846-7(1999)).

Cochran argues he fairly presented his Eighth Amendment claim by including it in his Memorandum in Support of Jurisdiction in the Ohio Supreme Court[1]. His second proposition of law in that Memorandum is

---

[1] In the Ohio Supreme Court Cochran was represented by counsel who also represwents him in this proceeding, different counsel from his attorney on appeal to the Tenth District.

13

**Proposition of Law No. 2**

**Proposition of Law 2:** Under R.C. 2929.11(A) and R.C. 2929.12, Ohio law mandates that sentencing must achieve the dual goals of reflecting the severity of the offense and assessing the offender's potential for rehabilitation, requiring that sentences be based on a balanced consideration of public safety, punishment, and rehabilitative needs. When a trial court imposes a maximum sentence without adequate consideration of an offender's rehabilitation potential and prior law-abiding behavior, it contravenes these statutory requirements, thereby justifying appellate review and potential reversal or modification of the sentence.

(Memorandum in Support of Jurisdiction, State Court Record, ECF No. 5, Ex. 20, PageID 219). There is no mention here of cruel and unusual punishment or the Eighth Amendment.

In arguing why the Supreme Court should take the case, counsel wrote: "In a separate but related appeal, Cochran challenges the severity of his sentences under R.C. 2953.08(A) and R.C. 2953.08(G), contending that the record does not justify maximum sentences for a first-time felony offender." *Id.* at PageID 223.  This is an argument for interpretation of the two Ohio statutory sections mentioned.  The absolutely only mention of the Eighth Amendment in the entire Memorandum is "This aspect of the appeal raises substantial constitutional questions about the Eighth Amendment's prohibition against cruel and unusual punishment." *Id.* at PageID 221. Merely using talismanic constitutional phrases like "fair trial" or "due process of law" does not constitute raising a federal constitutional issue.  *Slaughter v. Parker,* 450 F.3d 224, 236 (6th Cir. 2006); *Franklin v. Rose,* 811 F.2d 322, 326 (6th Cir. 1987); *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000), *citing Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984). Mere use of the words "due process and a fair trial by an impartial jury" are insufficient. *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006); *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004)(same). "A lawyer need not develop a constitutional argument at length, but he must make one; the words

14

'due process' are not an argument." *Riggins v. McGinnis*, 50 F.3d 492, 494 (7th Cir. 1995).

Cochran did not fairly present his Eighth Amendment claim to the Ohio courts. He has also not offered any excusing cause and prejudice. Because it was omitted from the direct appeal, Cochran could argue that it was ineffective assistance of appellate counsel to fail to include it. However before such a claim can be used in that way, it must be submitted to the state courts in the usual course. *Edwards v. Carpenter*, 529 U.S. 446 (2000); *Chase v. MaCauley*, 971 F.3d 582, 592 (6th Cir. 2020); *Scuba v. Brigano*, 527 F.3d 479, 488 (6th Cir. 2007). In Ohio the exclusive method for doing so is an application for reopening the direct appeal under Ohio R. App. P. 26(B), but no such application has ever been filed in this case.

Ground for Relief Two is procedurally defaulted for failure to fairly present it to the Ohio courts and it should therefore be dismissed.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

March 23, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

15

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.