# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

DOUGLAS COCHRAN,

                     Petitioner,    :      Case No. 2:25-cv-00238

  - vs -                        District Judge James L. Graham
                                  Magistrate Judge Michael R. Merz

SHELBIE SMITH,  WARDEN,
  Belmont Correctional Institution,

                             :
          Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case, brought pursuant to 28 U.S.C. § 2254 by Douglas Cochran with the assistance of counsel, is before the Magistrate Judge on Judge Graham's Recommittal Order (ECF No. 23) directing a reconsideration of the case in light of the Objections (ECF No. 22). Respondent has not replied to the Objections and they are therefore ripe for consideration.

**Ground One:  Ineffective Assistance of Trial Counsel**

In his First Ground for Relief, Petitioner claims he received ineffective assistance of trial counsel when his trial attorney did not pursue an NGRI defense.

Cochran was convicted in February, 2023, on his plea of guilty to four counts of sexual

1

misconduct with a minor child[1] between August, 2010, and August, 2013.  He appealed, alleging

ineffective assistance of trial counsel for failure to plead and prove that he was not guilty by reason

of insanity.  The Tenth District Court of Appeals rejected his claim of ineffective assistance of trial

counsel, writing:

> **{¶7}** Cochran contends his trial counsel was ineffective in: **(1)** not filing a not guilty by reason of insanity ("NGRI") plea on his behalf; (2) not reviewing medical records documenting his severe mental defect at the time he committed the offenses; and (3) not submitting his medical records and forensic psychiatrist's evaluation in support of an NGRI plea. Cochran argues these deficiencies prejudiced him and therefore he met both prongs of the *Strickland* test.
>
> **{¶8}** Each of the deficiencies alleged by Cochran relates to the affirmative defense of insanity, which must be proven by a preponderance of the evidence. *State v. Taylor,* 98 Ohio St.3d 27, 2002-Ohio-7017, **,r** 64; R.C. 2901.05(A). The defendant must persuade the trier of fact that "at the time of the commission of the offense, the [ defendant] did not know, as a result of a severe mental disease or defect, the wrongfulness of the [defendant's] acts." R.C. 2901.01(A)(14). Conversely, a defendant cannot avoid criminal responsibility if the defendant "knows his or her conduct violates the law and commonly held notions of morality." *State v. Jennings,* 10th Dist. No. 05AP-1051, 2006-Ohio-3704, **,r** 22. This means, to prove insanity, demonstrating a mental defect is not enough; the defendant must also show an inability to understand right from wrong.
>
> **{¶9}** Here, Cochran asserts the record contains evidence that he did not know the wrongfulness of his conduct because of a severe mental disease or defect, and that, based on this information, his trial counsel should have pursued this affirmative defense on his behalf. In support, he cites information in the sentencing memorandum indicating he had a brain tumor the size of a fist removed in 2009, and that he suffered from multiple cranial infections in the years following the tumor removal, which overlapped the years of his criminal conduct. The sentencing memorandum requested lenience based on Cochran's significant medical difficulties and its impact on him. The sentencing memorandum also described the observations

---

[1] The Indictment names the same minor child in all four counts as "L.C." and alleges L.C. was under thirteen at the time (Indictment, State Court Record, ECF No. 5, Ex. 1).

of a psychologist1 who interviewed Cochran and reviewed his medical records. The memorandum indicates the psychologist described the impact of a brain tumor and related treatment on a person's brain functioning, including neurological, cognitive, and psychiatric effects, such as personality and behavioral changes. The psychologist opined that Cochran's behavioral changes described by family members, such as cognitive and emotional problems, were consistent with scientific research regarding brain tumors and their treatment. Notably absent from the sentencing memorandum, however, is any indication that Cochran's medical condition negated or even altered his understanding of right from wrong. Similarly, at the sentencing hearing, Cochran's counsel reiterated that Cochran's criminal actions were an anomaly, and he requested the court to consider this and the medical circumstance as mitigating factors for the purpose of sentencing. In support, his counsel noted the psychologist opined that "it simply cannot be ruled out that the removal of this gigantic brain tumor was the impetus for his actions." (Mar. 30, 2023 Tr. at 17.) In his statement to the sentencing court, Cochran acknowledged the harm he caused, but he also referenced his medical condition and its impact on his ability to recall what occurred. At the hearing, neither Cochran nor his counsel indicated his mental ability to process right from wrong was ever compromised.

**{¶10}** At most, this information reasonably indicates Cochran sustained memory problems and behavioral changes due to the brain tumor and related medical treatment and complications. It does not, however, reasonably demonstrate Cochran's medical condition caused him not to understand the wrongfulness of his conduct. Further, that Cochran's criminal conduct was inconsistent with his lack of any notable criminal history does not, in itself, support an inference that he did not understand right from wrong. Under these circumstances, Cochran fails to demonstrate his trial counsel was ineffective in not pursuing a NGRI plea. *See State v. Walker,* 6th Dist. No. L-22-1032, 2023-Ohio-140, **¶** 30 ("Where facts and circumstances indicate that an NGRI plea would have had a reasonable probability of success, it is ineffective assistance of counsel to fail to enter the plea[,]" but where "facts indicate that counsel was pursuing a reasonable strategy in not so pleading, or where the likelihood of success for the plea is low, the decision is not unreasonable.").

**{¶11}** Because Cochran fails to show that an NGRI plea would have had a reasonable probability of success, trial counsel's failure to pursue that plea was reasonable and did not constitute ineffective

3

> assistance of counsel. Accordingly, Cochran's first assignment of error is overruled.

(Opinion, State Court Record, ECF No. 5, Ex. 17, PageID 205-07).

The Report concluded this was an objectively reasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984), which was therefore entitled to deference by this Court (Report, ECF No. 21, PageID 402).

Petitioner objects "The petitioner posits that the state court and the Report then misused or misapplied the phrase *trial strategy*."  (Objections, ECF No. 22, PageID 412).  Petitioner makes this allegation with no record references.  The undersigned did not use the phrase "trial strategy" in the Report nor does he understand the Tenth District's decision to be in any way based on evaluating trial strategy.  The record is clear that trial counsel referred Cochran to Dr. Kara Predmore for a psychological evaluation.  While she found a number of psychological deficits and opined that they may have caused the criminal behavior, she did **not** render an opinion that Cochran's brain tumor and resulting psychological defects rendered him unable to distinguish right from wrong.  That is the *sine qua non* of an NGRI defense in Ohio, replicating the test at common law.  Without an expert opinion to that effect, an NGRI defense, on which the burden of proof rests on the defendant, could not have succeeded.  Petitioner does not suggest that his counsel's choice of Dr. Predmore was a bad one, nor has he presented any other expert opinion which would have supported the NGRI defense.


**Ground Two: The Sentence Imposed Constitutes Cruel and Unusual Punishment**

In his Second Ground for Relief, Petitioner asserts the sentence he is serving constitutes cruel and unusual punishment for the crimes he committed, in violation of the Eighth Amendment.

The Report concluded this claim was procedurally defaulted because it had never been

presented to the Ohio courts as a federal constitutional claim. Instead he had argued to the Tenth District that his sentence violated Ohio law and that Court decided it did not (Opinion, State Court Record, ECF No. 5, Ex. 17, quoted in Report, ECF No. 21, PageID 403-405).

In his Objections, Petitioner argues he cured the default by presenting the Eighth Amendment claim on appeal to the Ohio Supreme Court (Objections, ECF No. 22, PageID 414). But in Ohio appellate practice a litigant cannot insert at the Supreme Court level an issue which was not presented to the intermediate court of appeals.  In this case, as is so often true, the Ohio Supreme Court was silent as to its reasons for declining jurisdiction (Entry, State Court Record, ECF No. 5, Ex. 22).  But where a state court is entirely silent as to its reasons for denying requested relief, as the Ohio Supreme Court was here, the federal courts assume that the state court would have enforced any applicable procedural bar. *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004)(citations omitted), citing *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996).

**Objection as to Denial of Appealability**

The Report recommends denying a certificate of appealability.  Petitioner objects that

> Jurists could debate [1] whether *Pinholster* reaches a preexisting report that trial counsel referenced in open court, [2] whether *Strickland* permits deference after counsel admits incomplete review of several thousand medical pages, [3] whether *Strickland* and its progeny excuse that failure as strategy, [4] whether *Edwards*, *Chase*, and *Scuba* apply when Petitioner did not invoke ineffective assistance of appellate counsel as cause, and [5] whether omitted neurocognitive mitigation could have changed a nonmandatory sentencing choice under R.C. 2929.11 and R.C. 2929.12.

(Objections, ECF No. 22, PageID 415).

This Objection is wholly speculative.  If reasonable jurists could dispute one or more of

these points, presumably they have done so, but Petitioner's counsel cites no case in which another judge has taken the opposing view to the Report. As to question [1], are there cases in which some other court has found that a document reference in argument but not introduced into evidence can be added to the record at the habeas corpus level? None are cited.

As to question [2], are there cases in which a judge has held that a trial lawyer must review all of a client's medical records when he has already received a medical report from an expert to whom he has referred his client that negates the supposed defense? None are cited.

Question [3] is a red herring. As noted above, the Report does not use the phrase "trial strategy" to excuse any of trial counsel's behavior.

As to Question [4] the Report's citation to the referenced cases anticipated that Petitioner would attempt to excuse failure to raise the Eighth Amendment claim in the Tenth District by labeling it ineffective assistance of appellate counsel. That Petitioner has not, makes those citations now irrelevant and they are withdrawn. Thus there is nothing to appeal as to Question [4].

Question [5] is irrelevant. Petitioner's First Ground for Relief is ineffective assistance of trial counsel for failure to pursue an NGRI defense. The claim that he received ineffective assistance of trial counsel because his attorney did not present mitigating evidence of neurocognitive deficits has not been litigated in this case and is therefore not available for appeal.

**Conclusion**

After review of the Objections, the Magistrate Judge adheres to his prior recommendations that the Petition be dismissed with prejudice, that Petitioner be denied a certificate of appealability, and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and

6

should not be permitted to proceed *in forma pauperis*.

April 14, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #