**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|                                                              |     |                            |
| ------------------------------------------------------------ | --- | -------------------------- |
| **Douglas Cochran,**                                         | :   |                            |
|                                                              | :   | **Case No. 2:25-cv-00238** |
| **Petitioner,**                                              | :   |                            |
| **v.**                                                       | :   | **Judge Graham**           |
|                                                              | :   |                            |
| **Shelbie Smith, Warden,**                                   | :   | **Magistrate Judge Merz**  |
| **Belmont Correctional**                                     | :   |                            |
| **Institution,**                                             | :   |                            |
|                                                              | :   |                            |
| **Respondent.**                                              | :   |                            |

## ORDER

This habeas corpus case, brought pursuant to 28 U.S.C. § 2254 by Douglas Cochran with the assistance of counsel, is before the Court on Petitioner's Objections (ECF No. 25) to the Magistrate Judge's Supplemental Report and Recommendations (ECF No. 24). Respondent has filed a reply to those Objections (ECF No. 26). The case is therefore ripe for decision.

As required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the Court has reviewed the Report de novo with particular attention to those portions objected to by Petitioner. In the Supplemental Report, the Magistrate Judge recommended that all of Petitioner's objections be overruled and that Petitioner be denied a certificate of appealability.

Petitioner's First Ground for Relief asserts he received ineffective assistance of trial counsel when his attorney did not "pursue" an NGRI defense. The Magistrate Judge found that counsel had caused referral of the Petitioner for an evaluation and that evaluator had not given an opinion that would have supported an NGRI defense.

[1]

Petitioner essentially objects that counsel did not pursue the defense far enough, writing:

> Yet counsel did not master the records, did not seek neuropsychiatric follow-up, did not request a forensic insanity evaluation, and did not develop the statutory right-wrong question. That sequence describes omission, not strategy: under *Strickland*, *Wiggins*, and *Rompilla*, reasonable professional judgment follows investigation; it cannot precede or replace it.

(Objections, ECF No. 25, PageID 426). In both Reports the Magistrate Judge recommended deferring to the Ohio Court of Appeals' finding that the report of the psychologist to whom counsel referred Petitioner did not suggest that he was not capable of understanding the difference between right and wrong and that failure to pursue an NGRI claim that was not likely to succeed did not constitute ineffective assistance of trial counsel.

Petitioner's Objections do not persuade the Court to the contrary. Effective assistance does not require pursuing a possible defense when a professional examination of the defense does not suggest likely success. The Magistrate Judge's recommendation as to Ground One is adopted.

The Magistrate Judge also recommended denying a certificate of appealability. Petitioner objects, relying particularly on *Frierson v. Woodward*, 463 F.3d 982 (9th Cir. 2006). Frierson was a capital case and precedent from those cases must always be read with caution because "[d]eath is different." *Woodson v. North Carolina*, 428 U.S. 280, 305 (1976). "It is in capital cases especially that the balance of conflicting interests must be weighed most heavily in favor of the procedural safeguards of the

[2]

Bill of Rights," *Reid v. Covert*, 354 U.S. 1, 45-46 (1957) (Frankfurter, J., concurring), and that "[i]n death cases doubts ... should be resolved in favor of the accused." *Andres v. United States*, 333 U.S. 740, 752 (1948). In *Frierson* the trial attorney failed to present any evidence at the penalty phase of the trial. The Ninth Circuit noted:

> The Supreme Court has also made clear that when counsel is on notice that important mitigation evidence exists, a failure to uncover and present such evidence at the penalty phase represents ineffective assistance of counsel. Wiggins v. Smith, 539 U.S. 510, 525, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003) (holding counsel's failure to prepare a social history report fell below professional standards where counsel was on notice of severe family dysfunction).

463 F.3d at 989. Failing to present known evidence at a capital sentencing hearing is quite different from failing to pursue additional evidence of mental illness when an initial professional report suggests that one cannot prove an NGRI defense. Petitioner argues that *Frierson* is, like this case, a failure to investigate situation. Rather the Ninth Circuit writes of evidence known to exist, not evidence that hypothetically might have been found.

## CONCLUSION

The Magistrate Judge's Report and Recommendations are adopted and Petitioner's objections are overruled. The Clerk will enter judgment dismissing the Petition with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed in forma pauperis.

**IT IS SO ORDERED**.

[3]

[4]

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: June 5, 2026